*Law Office of Michael E. Hatchett, Esq.*
*West End*
*P.O. Box 292*
*Claverack, New York 10010*
*917-587-9999*

Leave to file Second Amended Complaint is
GRANTED.  Defendant may file motion to
dismiss within 21 days.  Plaintiff may respond
21 days thereafter and defendant may reply 14
days thereafter.
SO ORDERED.
Dated:  11/12/2019

P. Kevin Castel
United States District Judge

 4 November 2019

VIA ECF

Honorable P. Kevin Castel
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

Re:     ***Serengeti Express LLC v. JP Morgan Chase Bank, N.A. 19-cv-5487 (PKC)***

Honorable Judge Castel:

        This office represents plaintiff, Serengeti Express, LLC ("Serengeti") in the above titled
action. In accordance with this Court's Individual Practice, which requires a pre-motion letter
from the moving party and corresponding response from the opposing party, this office submits
this response to defendant JP Morgan Chase Bank, N.A.'s ("Chase" or "Defendant") pre-
motion letter dated October 30, 2019 ("Chase Pre- Motion Letter"). As of the date of this letter,
the Court has no scheduled conference on the calendar.

        Based upon our review of the Chase Pre-Motion Letter, Serengeti does not believe
Chase has set forth an adequate basis for a motion to dismiss.

A.  Allegation of the Complaint

    Plaintiff allegations can be boiled down to five main points.

    1.  Plaintiff and Chase had a contractual agreement whereby Chase agreed to administer
        Plaintiff's banking account in a safe and secure manner.  Part of maintaining the account in a
        safe and secure manner was to prevent unauthorized persons from gaining access to the
        account and using it in a way not authorized by Plaintiff.
    2.  Chase failed to maintain the account in a safe and secure manner by letting an unauthorized
        person gain access to the account and to use it in a manner not authorized by Plaintiff.  These
        allegations amount to breach of contract.
    3.  When Chase was informed of the breach of the account, it took no action to confirm whether
        the account had been breached by an unauthorized person and it took no action to prevent the
        accounts funds from being misused.
    4.  Once Chase had been informed that the account had been breached, a duty arose which
        required Chase to determine whether or not there had been a breach of the account by an
        unauthorized person and whether that unauthorized person was improperly using the account.
    5.  Chase's failure to act, once it was notified of the breach and use by an unauthorized person
        amounted to gross negligence.

B.  Chase's Grounds for Dismissal Are Not Adequate

    1.  Plaintiff amended complaint states a claim for Gross Negligence.

Gross negligence exists where negligence exist and is accompanied by reckless disregard for the rights of others or smacks of intentional wrongdoing. Defendant claims that Plaintiff cannot make out a claim for gross negligence because Plaintiff cannot point to an "independent duty" owed by Chase to it. In fact Plaintiff can point to such an "independent duty"; namely that duty which rises under the common-law duty of care. Plaintiff theory of the action is beyond what is required by the debtor-creditor relationship ensconced in agreements signed by Chase and Serengeti, Chase has a common law duty of care, independent of any agreement, which it must maintain in administering its bank accounts, including Serengeti's.  New York courts have recognized such duty of care for banks especially in the context of payments directed from bank customer accounts to others.  *See Hartford Acc. & Indem. Co. v American Express Co.,* 74 N.Y.2d 153, 164 (holding "this duty is most appropriately applied with respect to depositary banks, because of the contractual debtor/creditor relationship between a bank and its depositor which includes "an implicit understanding that the bank will pay out a customer's funds only in accordance with its [customer's] instructions").  This is the very duty of care Plaintiff's invoke here on these allegations.  Having informed Defendant of the breach of its account, Plaintiffs reasonably expected that Chase would exercise a duty of care without respect to the account Plaintiff had with Chase.  In fact Chase exercised no care once it was informed that the account had been breached.  And this failure to exercise its duty of care resulted in a loss to Plaintiff.

On a motion under 12(b)(6), a court should consider the motion by "accepting all factual allegations as true and drawing all reasonable inferences in favor of the plaintiff.*" Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.,* 843 F.3d 561, 566 (2d Cir. 2016)*, cert. denied,* 137 S. Ct. 2279 (2017)."A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Here the factual allegations clearly allow a court to  reasonably infer that Chase's reckless disregard for the rights of the Plaintiff to its safe and secure depository account resulted in Plaintiff's loss.

    2.  Plaintiff has stated a claim for Breach of Contract.

Chase's  argument  that Plaintiff's claim of Breach of Contract must fail appears to rest on the faulty belief that Plaintiff's only informed Chase of the account's breach in May 2018.  Based upon this belief Defendants  argue that Plaintiff failed to comply with Deposit Agreement which requires account holders to dispute transactions within 30 days.  From this fact , Defendants say all additions claims must be barred under  New York law.  Without conceding any of these points, Plaintiffs simply note that Defendant is mistaken about the facts alleged.  The amended complaint does not say Chase was only notified  of the breach to the account in May 2018.  The amended complaint notes that both orally and in writing Plaintiff asked Chase to refund certain amounts.  But in fact the April/May meetings were the last in a series of meetings with Chase in which Plaintiff attempted to get the unauthorized person removed from the account.  Although, Plaintiff believes that this court can infer from its allegations that this was not the first or only time Plaintiff approached Chase about the account, Plaintiff can amend its pleadings, as proposed in the attached Exhibit A, if the court so desires. Given these additional allegations regarding when Plaintiff made Chase aware of the breach, Plaintiff believes it had met its pleading burden.

For these reasons, Plaintiff believes its amended complaint would withstand a motion to dismiss.

Respectfully submitted,

Michael E. Hatchett

Cc: Counsel of Record (via ECF)